**United States Bankruptcy Court**
**District of Massachusetts**

**FIRST AMENDED CHAPTER 13 PLAN**

Filing Date: _____                Docket #: **11-31802**

Debtor: **Reid, Clarence Mitchell**                  Co-Debtor: _____

SS#: **2473**                                        SS#: _____

Address: **37 Waldorf Street**                       Address: _____

**Springfield, MA  01109**                           , _____


Debtor's Counsel:

**Massachusetts Bankruptcy Center**
**One South Avenue**
**Natick, MA  01760**

**(508) 655-3013**
**(508) 655-7035**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, (a) Deadline for filing. Any objection to confirmation of a chapter 13 plan shall be filed no later than the later of (i) thirty (30) days after the first date set for the section 341 meeting or (ii) thirty (30) days after service of a modified plan, unless otherwise ordered by the Court.
(b) Service of Objection. An objection to confirmation shall be filed with the Court and served on the chapter 13 trustee, the debtor, the debtor's attorney, and any other party or attorney who has filed an appearance and requested service of pleadings. The objection shall be accompanied by a certificate of service evidencing compliance with this requirement.

**United States Bankruptcy Court**
**District of Massachusetts**

# FIRST AMENDED CHAPTER 13 PLAN

Docket#: **11-31802**

DEBTORS: (H) **Reid, Clarence Mitchell**          SS# **2473**
         (W) _____              SS# _____

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ **997.11** for the term of:

☒ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
☐ ____ Months. The Debtor states as reasons therefore:

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Wells Fargo Home Mortgage** | **Mortgage for Debtors' investment property located at 47 Waldorf Street, Springfield, MA** | **23,344.61** |
| **Wells Fargo Home Mortgage** | **Home equity line of credit on debtor's Residence located at 37 Waldorf Street, Springfield, MA** | **67.58** |
| **Wells Fargo Home Mortgage** | **Mortgage for debtor's Residence located at 37 Waldorf Street, Springfield, MA** | **1,931.44** |
| | Total of secured claims to be paid through the Plan: $ | **25,343.63** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Wells Fargo Home Mortgage** | **Mortgage for debtor's rental property located at 47 Waldorf Street, Springfield MA  Claim No 2-1** |
| **Wells Fargo Home Mortgage** | **Home equity line of credit on debtor's residence located at 37 Waldorf Street, Springfield, MA Claim No. 5-1** |
| **Wells Fargo Home Mortgage** | **Mortgage for debtor's residence located at 37 Waldorf Street, Springfield, MA  Claim No 4-1** |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**Robert Byrne**

iii. The arrears under the lease to be paid under the plan are _____.

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total of Priority Claims to Be Paid Through the Plan: $ **0.00**

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees  (to be paid through the Plan): $ **1,500.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **7.39**% of their claims.

A. General unsecured claims: $ **73,934.23**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of A + B + C unsecured claims: $ **73,934.23**

D. Multiply total by percentage**: $ **5,462.77**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ **0.00**

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:
**The Second Mortgage held by Wells Fargo/World Savings Bank and any/all successors and assigns, is to be stripped off as it is wholly unsecured by the Debtor'(s) property located at 37 Waldorf Street, Springfield, MA.  The market value of the property at the time of filing was $81,500.00  The First Mortgage held by Wells Fargo Bank N.A. is in the amount of $112,110.59. The Debtor has listed the second mortgage as an unsecured claim to be paid a dividend over the course of this Chapter 13 Plan in accordance with the treatment of unsecured claims in Section V of the plan. Upon the Debtor'(s) successful completion of the plan and the entry of the Order of Discharge, the Second Mortgage held by  Wells Fargo, N.A..World Savings Bank and their successors and assigns recorded at the Hampdem Country Registry of Deeds in Book 15654 Page 501  (January 25, 2006) will be discharged.**

VII. CALCULATION OF PLAN PAYMENT:

a. Secured claims (Section I-A Total): $ 25,343.63
b. Priority claims (Section II-A & B Total): $ 0.00
c. Administrative claims (Section III-A & B Total): $ 1,500.00
d. Regular unsecured claims (Section IV-D Total): + $ 5,462.77
e. Separately classified unsecured claims: $ 0.00
f. Total of a + b + c + d + e above: $ 32,306.40
g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: $ 35,895.96
    (This represents the total amount to be paid into the Chapter 13 Plan)
h. Divide (g) Cost of Plan by Term of Plan: **36** months
i. Round up to nearest dollar: Monthly Plan Payment: $ **997.11**
    (Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **Debtor's rental property located at 47 Waldorf Street, Sprin** | **81,500.00** | **123,262.14** |
| **Debtor's residence located at 37 Waldorf Street, Springfiel** | **178,000.00** | **126,875.64** |
| **Timeshare located at Oak & Spruce, 190 Meadow Street, S** | **0.00** | **0.00** |

Total Net Equity for Real Property: $ 51,124.36
Less Total Exemptions (Schedule C): $ 51,124.36
Available Chapter 7: $ 0.00

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **None** | | | |

Total Net Equity: $ 0.00
Less Total Exemptions (Schedule C): $ 0.00
Available Chapter 7: $ 0.00

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value: $ 22,670.69
Less Exemptions (Schedule C): $ 17,370.69
Available Chapter 7: $ 5,300.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **5,300.00**.

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Richard S. Ravosa, Esq.**       **January 30, 2012**
Debtor's Counsel      Date

Attorney's Address:
**Massachusetts Bankruptcy Center**
**One South Avenue**

**Natick, MA  01760**

Tel. # **(508) 655-3013**                                   Email Address: **massachusettsbankruptcycenter@gmail.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

*/s/ Clarence Mitchell Reid*                                   **January 30, 2012**
Debtor                                                         Date

                                                               **January 30, 2012**
Debtor                                                         Date